UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAMELA H.,

                              Plaintiff,

           v.

KILOLO KIJAKAZI,[1] Commissioner of
  Social Security,

                              Defendant.
_____

**DECISION
and
ORDER**

**20-CV-6460F**
(**consent**)

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER, PLLC
                            Attorneys for Plaintiff
                            KENNETH R. HILLER, and
                            SAMANTHA J. VENTURA, of Counsel
                            6000 North Bailey Avenue, Suite 1A
                            Amherst, New York  14226

                            TRINI E. ROSS
                            UNITED STATES ATTORNEY
                            Attorney for Defendant
                            Federal Centre
                            138 Delaware Avenue
                            Buffalo, New York  14202
                                          and
                            JASON PARKERSON PECK
                            Special Assistant United States Attorney, of Counsel
                            Social Security Administration
                            Office of General Counsel
                            26 Federal Plaza, Room 3904
                            New York, New York  12078

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

**JURISDICTION**

On October 7, 2021, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned.  (Dkt. 19).  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on April 5, 2021 (Dkt. 16), and by Defendant on September 1, 2021 (Dkt. 18).

**BACKGROUND**

Plaintiff Pamela H. ("Plaintiff"), brings this action under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA") on February 19, 2014, for Supplemental Security Income ("SSI") under Title XVI of the Act ("disability benefits").  Plaintiff alleges she became disabled on March 1, 2013, based on blindness in one eye, back trouble, mental health, and diabetes.  AR[2] at 185, 202, 207.  Plaintiff's application initially was denied on April 24, 2014.  AR at 92-93.  At Plaintiff's timely request, AR at 94-96, on December 8, 2015, an administrative hearing was held via videoconference before Administrative Law Judge ("ALJ") Julia D. Gibbs ("ALJ Gibbs"), located in Falls Church, Virginia.  AR at 25-67 ("first administrative hearing").  Appearing and testifying at the first administrative hearing in Buffalo, New York, were Plaintiff, then represented by Gerry J. Ruiz, Esq., and vocational expert Donna J. Bardsley ("VE Bardsley").

On April 28, 2016, ALJ Gibbs issued a decision denying Plaintiff's claims, AR at 7-24 ("First ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council.  AR

---

[2] References to "AR" are to the pages of the Administrative Record electronically filed by Defendant on February 3, 2021.  (Dkt. 14).

2

at 1061-63.  On June 30, 2017, the Appeals Council adopted the First ALJ's Decision that Plaintiff was not disabled, AR at 1-6, thus rendering the First ALJ's Decision the Commissioner's final decision at that time.  On August 29, 2017, Plaintiff commenced an action in this court seeking review of the First ALJ's Decision.  In a Decision and Order filed November 19, 2018, addressing cross-motions for judgment on the pleadings filed by both parties, Honorable Charles J. Siragusa granted Plaintiff's motion, denied Defendant's motion, and remanded the matter for a new administrative hearing.  AR at 655-68; see Henry v. Berryhill, 2018 WL 6039297, at *7 (W.D.N.Y. Nov. 19, 2017).

      Accordingly, on November 7, 2019, a second administrative hearing was held in Rochester, New York before ALJ Michael W. Devlin ("ALJ Devlin").  AR at 600-627.  Appearing and testifying at the hearing were Plaintiff, represented by Jeffrey Valentine, Esq. ("Mr. Valentine"), and vocational expert Sakinah Malik ("VE Malik").  At the conclusion of the second administrative hearing, the ALJ granted Mr. Valentine's request that Plaintiff undergo additional physical and mental status consultative examinations, AR at 625, which were completed on December 3, 2019.  AR at 1036-57.  The recently completed consultative physical and mental status examinations were made part of the administrative records and were considered by ALJ Devlin in issuing his decision on March 10, 2020, which was partially favorable to Plaintiff with Plaintiff awarded disability benefits as of November 9, 2019, based on a discretionary, "non-mechanical" application of the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 ("the Grids"), pursuant to which the ALJ, in consideration that based on her age, Plaintiff' was about to enter the "advanced age" category.  AR at 572-

99 ("Second ALJ's Decision").  On July 6, 2020, Plaintiff commenced the instant action seeking an award of benefits prior to November 9, 2019.

On April 5, 2021, Plaintiff moved for judgment on the pleadings (Dkt. 16) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 16-1) ("Plaintiff's Memorandum").  On September 1, 2021, Defendant moved for judgment on the pleadings (Dkt. 18) ("Defendant's Motion"), attaching Acting Commissioner's Memo. in Support of Acting Commissioner's Motion for Judgment on the Pleadings and in Response to Ms. H[____]'s Memo. Pursuant to Local Civil Rule 5.5 (Dkt. 18-1) ("Defendant's Memorandum").  Filed on October 13, 2021, was Plaintiff's Reply to Commissioner's Memorandum in Support (Dkt. 13) ("Plaintiff's Reply"), advising Plaintiff "deems no reply necessary and relies on the original arguments and authority contained in her primary brief."  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is GRANTED; Defendant's Motion is DENIED; the matter is REMANDED for calculation of benefits.

# **FACTS**[3]

Plaintiff Pamela H. ("Plaintiff"), born May 9, 1970, was 42 years old as of her alleged disability onset date ("DOD") of March 1, 2013, and 48 years old as of November 9, 2019, the date on which ALJ Devlin found Plaintiff disabled.  AR at 185, 202, 592.  Plaintiff lives in an apartment with her two daughters and was separated from her husband. AR at 217, 609, 781.

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

Plaintiff attended high school in regular classes through 11th grade before dropping out.  AR at 208, 617.  Plaintiff has not obtained a general equivalency diploma nor attended or completed any specialized job training or vocational school.  AR at 208.  Plaintiff does not have a driver's license and relies on public transportation.  AR at 220.  Although Plaintiff goes outside every day, regularly goes to her daughter's school, the store, and the hospital, and shops in stores for food and clothing, she does not go out alone because she needs someone to help carry bags.  AR at 220-22.

Plaintiff describes her activities of daily living as walking her daughter to school, trying to clean the house, feeding her children and helping them with homework, preparing simple meals, sweeping and mopping with help, and laundry.  AR at 218-21, 616.  Plaintiff can handle money, her interests include reading and watching television, and she enjoys talking with others to socialize.  AR at 221-22.  When Plaintiff initially applied for disability benefits, she reported being able to tend to her personal care and grooming and did not need reminders to take medication, AR at 218-19, but at the second administrative hearing, Plaintiff testified she needed help with buttons and zippers when dressing, and fixing her hair.  AR at 616-17.  Plaintiff's past relevant work history as a cleaner, automobile assembly line, and as a hotel restaurant cook and dishwasher, AR at 229-32, 243, and she babysat children in her home for one year.  AR at 618-19.  Plaintiff last worked in 2006, but stopped after becoming pregnant, and did not return to work because she is diabetic.  AR at 252.

It is undisputed that Plaintiff has been blind in her right eye since birth, and suffers from degenerative changes of the thoracic spine and lumbar spine, bilateral hand arthritis, bilateral knee arthritis, nerve damage in both feet, and diabetes mellitus,

and relies on a back brace and cane, both prescribed by doctors, to ambulate. Since 2004, Plaintiff has received primary care from Genesee Health Service where her primary care physician is Tai T. Nguyen, M.D. ("Dr. Nguyen"). Plaintiff also received medical care from Rochester Regional Health where she saw RPA-C Stephanie Alexandra Hanzlik ("PA Hanzlik"). In connection with her disability benefits application, Plaintiff underwent a psychiatric evaluation by consultative psychologist Adam Brownfield, Ph.D. ("Dr. Brownfield") on April 9, 2014, AR at 252-55, and on April 23, 2014, State Agency psychiatric consultant G. Kleineman, M.D. ("Dr. Kleineman") reviewed Plaintiff's mental status records. AR at 256-57. On December 3, 2019, upon remand from this court, Plaintiff underwent a second psychiatric evaluation performed by Dr. Brownfeld, AR at 1037-43, and an internal medicine examination performed by Susan Dantoni, M.D. ("Dr. Dantoni"). AR at 1044-54.

## DISCUSSION

**1.    Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In

reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id*. "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

In short, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 59 (2d Cir. 2013) (italics in original). "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" *Id*. at 58-59 (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

**2.     Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. §§ 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains

capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008). All five steps need not be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920.

In the instant case, ALJ Devlin found Plaintiff did not engage in substantial gainful activity ("SGA") since the application date, *i.e.*, February 19, 2014, AR at 579, and suffers from the severe impairments of degenerative changes of the thoracic spine and lumbar spine, bilateral hand arthritis, bilateral knee arthritis, nerve damage in both feet, diabetes mellitus, and right eye blindness, *id.*, but that other conditions alleged by Plaintiff are not severe impairments, including high blood pressure, adjustment disorder, depression, anxiety, and paranoid schizophrenia. *Id.* at 580-83. ALJ Devlin also found Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 583-84. Despite her impairments, ALJ Devlin found Plaintiff, since

March 1, 2013, retained the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a), except that Plaintiff could occasionally lift and/or carry 10 pounds, and frequently lift and/or carry less than 10 pounds, can stand and/or walk up to 2 hours and sit for about 6 hours in an 8-hour workday, Plaintiff must be allowed to use an assistive device to ambulate to and from a workstation, can occasionally push and/or pull 10 pounds, occasionally climb ramps and/or stairs, occasionally balance, stoop, kneel, crouch, and crawl, and cannot climb ladders, ropes or scaffolds, cannot be exposed to unprotected heights or be near moving machinery, cannot perform tasks requiring depth perception and/or close hand-eye coordination, but can frequently handle and finger bilaterally.  AR at 584-90.  ALJ Devlin further found Plaintiff incapable of performing any PRW but, in light of Plaintiff's RFC, age, limited education, and ability to communicate in English, Plaintiff remained capable of performing jobs that existed in significant numbers in the national economy including "a representative occupation such as a charger."  *Id*. at 590-91.  Nevertheless, with the change in Plaintiff's age category on November 9, 2019 from "younger individual" to "approaching advanced age," the ALJ found Plaintiff disabled as November 9, 2019, and awarded payment of benefits retroactive to that date.  *Id*. at 591-92.

### 3. Analysis of Plaintiff's Arguments

In moving for judgment on the pleadings, Plaintiff seeks an order vacating the Second ALJ's Decision and either reversing or remanding the matter.  Plaintiff's Memorandum at 21.  In support of judgment on the pleadings, Plaintiff argues ALJ Devlin gave great weight to the December 9, 2019 consultative opinion of Dr. Dantoni, yet formulated an RFC that was inconsistent with Dr. Dantoni's opinion, *id*. at 13-17,

and that ALJ Devlin did not properly evaluate Plaintiff's mental health impairments and failed to incorporate the limitations from Plaintiff's non-severe impairments into the RFC. *Id*. at 17-21.  In opposition, Defendant argues ALJ Devlin did not improperly substitute his own lay opinion for that of any physician regarding Plaintiff's physical work-related limitations, Defendant's Memorandum at 5-9, and substantial evidence supports ALJ Devlin's finding that Plaintiff's mental limitations were not severe.  *Id*. at 9-12.  In reply, Plaintiff relies on the arguments made in Plaintiff's Memorandum.  Plaintiff's Reply at 1.  A plain review of the medical evidence establishes the RFC formulated by ALJ Devlin improperly includes that Plaintiff can frequently handle and finger bilaterally, and that in the absence of that ability, Plaintiff should be awarded benefits to the date of application.[5]

In the First ALJ's Decision, ALJ Gibbs found Plaintiff had the severe impairments of diabetes mellitus and low vision, and several nonsevere impairments including, *inter alia*, bilateral hand arthritis, but that despite Plaintiff's impairments, she remained capable of a limited range of light work[6] including no more than frequent, as opposed to constant, use of her hands to finger and grasp.  AR at 12-14.  At the second administrative hearing, Plaintiff testified to, *inter alia*, bilateral hand pain, AR at 605, and stiffness that interfered with Plaintiff's ability to grip, AR at 608, especially with her right, dominant hand, *id*. at 619-20, and precluded Plaintiff from operating buttons and zippers requiring her daughter help Plaintiff dress.  AR at 616.  After presenting to VE Malik

---

[5] Because the undersigned finds Plaintiff is entitled to disability benefits as of the date of her disability benefits application based on an inability to frequently handle and finger bilaterally, the court does not reach the arguments regarding Plaintiff's mental health impairments.

[6] As relevant here, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. § 404.1567(b)..

several hypotheticals, including one consistent with the RFC ALJ Devlin ultimately formulated, VE Malik identified several jobs that could be performed, but when ALJ Devlin inquired whether any such jobs could be performed if the hypothetical individual could not frequently, but only occasionally, handle and finger, VE Malik responded none of the identified jobs could be performed.  It is significant that the RFC formulated by ALJ Devlin limited Plaintiff to sedentary work,[7] with several additional restrictions including the ability to *frequently* finger and handle bilaterally, AR at 584, because if Plaintiff cannot finger and handle bilaterally at that level, she would be, based on VE Malik's testimony, disabled.

In determining Plaintiff's RFC, ALJ Devlin considered Dr. Nguyen's opinion of September 25, 2015, in which Plaintiff's diagnoses are reported as including diabetes mellitus, low back pain, and "hand stiffness."  AR at 465-66.  Dr. Nguyen indicated Plaintiff could never lift and carry more than 10 lbs., only occasionally lift and carry less than 10 lbs., *id*., and that Plaintiff has limitations with repetitive reaching, handling, and fingering, specifying that in an eight-hour day, Plaintiff could grasp, turn and twist objects with her hands only 10% of the day, perform fine finger manipulation for only 5% of the day, and reach with her arms for 30% of the day.  *Id*.  Similarly, at the December 3, 2019 consultative physical examination, AR at 1046-49, Dr. Dantoni found Plaintiff with diminished hand and finger dexterity, reporting Plaintiff "had a very hard time tying, buttoning, and zippering with her hands.  She had a hard time gripping everything."  *Id*.

---

[7] "Sedentary work involves lifting no more than 10 pounds as a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

12

at 1049.  In addition to chronic back pain, bilateral knee arthritis, and nerve damage in Plaintiff's feet, Dr. Dantoni included in her diagnosis that Plaintiff has "stiff hands with decreased fine motor skills," *id*., to which Dr. Dantoni attributed Plaintiff's "marked limitations for handling objects" in the medical source statement.  *Id*.  On a Medical Source Statement of Ability to Do Work-Related Activities (Physical) completed in connection with the consultative examination, Dr. Dantoni reported Plaintiff is unable to lift and carry any amount of weight because of her back pain which medically requires use of a back brace and cane, and Plaintiff's "very antalgic gait," AR at 1050-51, and limited Plaintiff to frequently (1/3 to 2/3 of a work day) reaching overhead and in all directions with either hand, AR at 1052, and never handling, fingering, feeling, pushing or pulling with either hand because of diminished finger dexterity.  *Id*.

The ALJ gave the opinions of both Dr. Nguyen and Dr. Dantoni only some weight, particularly with regard to the fingering and handling limitations, because X-rays of Plaintiff's hands taken on July 25, 2017 failed to show evidence of any fracture, dislocation, destructive osseous lesion, erosive changes, or significant degenerative changes.  AR at 903-904.  The X-rays, however, do not address that the administrative record contains substantial evidence that Plaintiff had hand pain since 2007, and that Plaintiff's hand impairment was attributed to a nerve condition.

In particular, the administrative record includes that on May 12, 2010, Dr. Nguyen completed Monroe County Department of Human Services ("DHS"), Physical Assessment for Determination of Employability, reporting Plaintiff with "bilateral wrist pain," right wrist was worse than left, and that Plaintiff needed to see a hand specialist, as well as that Plaintiff is "very limited" as to pushing, pulling, lifting, and carrying.  AR at

13

1001 – 1004.  On June 7, 2010, Kavitha Finnity, Ph.D., completed a Monroe County Department of Social Services ("DSS") Psychological Assessment for Determination of Employability on which Plaintiff's diagnoses are reported as including carpal tunnel syndrome.  AR at 1010-15.  On another DHS Physical Assessment for Determination of Employability completed on February 16, 2012, Dr. Nguyen reporting Plaintiff cold not lift, push, or pull more than 10 lbs., and had tendinitis.  (AR at 1005-1008).  On October 30, 2013, Dr. Nguyen reported Plaintiff had right hand tenderness.  AR at 269.  Significantly, on July 24, 2017, the day before Plaintiff's hands were X-rayed, PA Hanzlik remarked that Plaintiff has had problems with her hands since 2007.  AR at 865.  In particular, PA Hanzlik reported Plaintiff has a cyst on her right wrist for which a hand doctor recommended surgery which Plaintiff was nervous to undergo.  *Id*.  Examination showed tenderness and bony tenderness on right hand with decreased grip strength, *id*. at  869, and PA Hanzlik diagnosed Plaintiff with cramping of hands, referred Plaintiff for occupational therapy and for the X-rays, and prescribed Duloxetine (nerve pain) and gabapentin (nerve pain).[8]  AR at 869.  On March 29, 2018, Plaintiff reported to PA Hanzlik she recently noticed left wrist cyst, and did not have right wrist cyst removed because it is close to a blood vessel.  AR at 879.  Examination that day revealed ganglion cystic lesion on left wrist, tender to touch, decreased range of motion due to pain, and Plaintiff was again referred to a hand surgeon (AR 882-83).

        Significantly, in the instant case, it was not the onset of any additional disabling impairment that factored into ALJ Devlin's determination that Plaintiff was disabled as of

---

[8] The court takes judicial notice of the nature of prescribed medications.  *See Paulin v. Figlia*, 916 F>Supp.2d 524, 529 (S.D.N.Y. 2013) (citing *Aviola v. Onondaga County Sheriff's Dept.*, 2007 WL 119453, at * 7 n. 61 (N.D.N.Y. Jan. 10, 2007)); *Edwards v. Secretary of Dept. of Health and Human Services of the United States*, 572 F.Supp. 1235, 1238 (E.D.N.Y. 1983) (citing cases).

November 9, 2019, but, rather, that on that date Plaintiff's age category per the Medical-Vocational Guidelines ("the Grids") changed from "younger individual," 20 C.F.R. Part 404, Subpart P, Appendix 2, § 201.00(h)(1) (ages 18 to 49), to "closely approaching advanced age," 20 C.F.R. Part 404, Subpart P, Appendix 2, § 201.00(g) (ages 50 to 55), dictating a finding of disability based on direct application of the Grids.  See 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.10.

Accordingly, despite the July 25, 2017 X-rays of Plaintiff's hands being essentially normal with regard to her hands' bone structure, the administrative record is replete with evidence that Plaintiff suffered from other problems with her hands that limited her ability to finger and handle to less than "frequently," thus precluding Plaintiff from performing the jobs identified by VE Malik.  See Discussion, supra, at 12.  On this record, the only conclusion supported by substantial evidence in the record is that Plaintiff's diminished ability to handle and finger rendered Plaintiff unable to perform any jobs in the national economy, even at the sedentary level, such that Plaintiff was disabled.  See 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.10.  See also Bonet ex rel. T.B., 523 Fed.Appx. at 58-59 ("'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would have to conclude otherwise.'" (quoting Brault, 683 F.3d at 448).

Insofar as there is a question as to when Plaintiff's disability began, Social Security Ruling 83-20,[9] Titles II and XVI: Onset of Disability, provides ALJ Devlin could

---

[9] "SSR" refers to Social Security Rulings which are agency rulings "published under the authority of the Commissioner of Social Security and are binding on all components of the Administration. These rulings represent precedent final opinions and orders and statements of policy and interpretations that [the SSA] ha[s] adopted." 20 C.F.R. § 402.35(b)(1).

have appointed a medical advisor to assist with an onset determination or otherwise more thoroughly develop the record in that regard; yet at this stage, such step is unnecessary because the record is consistent that Plaintiff was disabled as of the date of her application and there are no other medical records to supplement the administrative proceedings.  *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980) ("when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose," reversal and entry of judgment by the district court is appropriate).  Further, where there is substantial proof in the record of entitlement to benefits and a remand for further proceedings would serve no purpose other than to further delay already lengthy administrative proceedings, the decision of the Commissioner should be reversed and the case remanded solely for calculation of benefits.  *Rivera v. Sullivan,* 923 F.2d 964, 970 (2d Cir.1991); *Carroll v. Secretary of Health and Human Servs.,* 705 F.2d 638, 643–644 (2d Cir.1983).  As applied to the instant matter, the court finds that it is appropriate to remand this case back to the Commissioner solely for the calculation of benefits from the date of Plaintiff's disability benefits application, *i.e.*, February 19, 2014.  *See* 20 C.F.R. § 416.335 (SSI benefits are not payable prior to the month the application is filed).  In light of the above, any consideration of Plaintiff's alternative request to remand for further development of the record, Plaintiff's Memorandum at 21, is moot.

**CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 16) is GRANTED; Defendant's Motion (Dkt. 18) is DENIED; the matter is remanded for calculation of SSI benefits from the date of Plaintiff's disability benefits application.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    January 20th, 2022
          Buffalo, New York